STEPHENS et al., Appellees,

v.

SHELBY MUTUAL INSURANCE COMPANY, Appellant.

[Cite as *Stephens v. Shelby Mut. Ins. Co.* (1996), 109 Ohio App.3d 459.]

Court of Appeals of Ohio,
Third District, Seneca County.

No. 13–95–39.

Decided Feb. 16, 1996.

*Steve C. Shuff*, for appellees.

*Hammond Law Office, Gary W. Hammond* and *Scott E. Williams*, for appellant.

EVANS, Judge.

This is an appeal by the defendant, Shelby Mutual Insurance Company ("appellant"), from a judgment of the Seneca County Court of Common Pleas denying its motion for summary judgment and granting the motion of the plaintiff, Elaine Stephens, for summary judgment on the issue of liability.

On November 27, 1988, Elaine M. Stephens ("appellee") was severely injured in an accident which occurred as a result of the negligence of her friend, Daniel R. Kaiser, driver of the automobile in which she was a passenger. After the accident, appellee made a claim against Kaiser's insurance carrier and received the sum of $50,000, the policy's maximum limit, as compensation for her injuries. However, appellee has incurred medical expenses in excess of the tortfeasor's policy limits.

Thereafter, appellee filed an underinsurance claim with appellant Shelby Mutual, her father's insurance carrier. Appellant denied the claim, on the basis that Mr. Stephens's policy provided only $35,000 of underinsurance coverage. Mr. Stephens's personal automobile policy with appellant had a single liability limit of $350,000. On October 29, 1992, as a result of the denial of the claim, appellee filed an action against Shelby Mutual for breach of contract. Following discovery in the case the parties agreed to submit the issues to the trial court as if the action had been filed as one for declaratory judgment. Both parties filed motions for summary judgment and memoranda opposing the other party's motion. Following submission of all the relevant documents, the trial court granted summary judgment in favor of appellee on the issue of liability. Shelby Mutual appealed the court's judgment, asserting the following assignment of error:

"The trial court erred as a matter of law by finding that the Appellant had issued a new insurance policy substantially different than [*sic*] the policy previously issued thus requiring a new signed waiver for reduced uninsured/underinsured motorist coverage as required by O.R.C. 3937.18."

Appellant Shelby Mutual denied appellee's claim for underinsurance benefits on the basis that, when Wayne Stephens and his wife Trina first purchased automobile insurance from Shelby Mutual in 1978, Trina, as a "named insured," opted for lower limits of uninsured/underinsured coverage than would normally have been provided pursuant to R.C. 3937.18(C). Although the statute requires that uninsured/underinsured motorist coverage must be provided in "an amount of coverage equivalent to the automobile liability" coverage, R.C. 3937.18(A)(1) and (2), section (C) of the statute provides that a named insured may, in writing, elect to purchase a reduced amount of uninsured/underinsured motorist coverage, or forgo such coverage altogether, in lieu of purchasing the amount which the company is required to provide. Appellant provided the court with a copy of an attachment to Stephens's "Automobile Application Questionnaire," entitled "Uninsured Motorists Options-Ohio," requesting reduced limits and purportedly signed by Trina Stephens on September 29, 1978, the day after the application was signed. Trina stated in her deposition that she has no personal, individual recollection of signing these documents, nor does she remember ever requesting reduced coverage. That policy provided split liability limits of $50,000/100,000, and uninsured/underinsured motorist benefits of $15,000/30,000.

In 1980, appellant unilaterally raised the liability limits of the policy, to a single limit of $150,000, and raised the limit for underinsured-uninsured motorist coverage to $35,000. Then, in 1982, appellant raised the limits of the policy to a single liability limit of $300,000 for each accident. The $35,000 uninsured motorist coverage remained the same. Later that same year, the liability limit was changed to $350,000, with no other changes in the policy. Pursuant to the exhibits shown in the record, these limits stayed the same up to the time of appellee's accident.

In 1986, appellant apparently revised its automobile policy, issuing a "Personal Auto Policy" to replace the "Family Automobile Policy" previously issued to Wayne and Trina Stephens as named insureds. This policy provided a single limit of $350,000 liability coverage, with $35,000 uninsured/underinsured motorist coverage. Wayne A. Stephens was the "named insured," as defined in the in the newly issued policy. Shelby Mutual made no attempt to obtain a waiver from Wayne Stephens of the uninsured/underinsured motorist coverage in an amount equal to the liability coverage, as required by R.C. 3937.18(B).[1] Pursuant to R.C.

---

1. R.C. 3937.18(B) provides:

3937.18(C), any rejection of the statutorily required uninsured/underinsured motorist coverage must be made expressly by the *"named insured."* (Emphasis added.) Since no such rejection was sought or obtained upon the issuance of Wayne Stephens's "Personal Auto Policy," uninsured/underinsured motorist coverage is presumed to be provided as a matter of law. *Abate v. Pioneer Mut. Cas. Co.* (1970), 22 Ohio St.2d 161, 163, 51 O.O.2d 229, 230, 258 N.E.2d 429, 431. The waiver of full coverage made by Trina Stephens, as a named insured, in 1978 was no longer valid when Shelby Mutual issued the new policy in 1986, to Wayne Stephens as the only "named insured" pursuant to the policy. As indicated by the trial court, an insurer may not issue a new policy "substantially different" from the previously issued policy, "and not seek to inquire further whether or not the named insureds reject equivalent uninsured/underinsured motorist coverage." Therefore, as opined by the trial court, at the time of Elaine Stephens's accident in 1988 "the uninsured/underinsured motorist coverage limits of the policy were equal to the liability limits of that policy." The assignment of error is overruled.

Therefore, having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

HADLEY, P.J., and THOMAS F. BRYANT, J., concur.

---

"Coverages offered under division (A) of this section shall be written for the same limits of liability. No change shall be made in the limits of one of these coverages without an equivalent change in the limits of the other coverage."