[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This appeal is brought by David and Tammy Savage, ("Appellants"), on behalf of their minor daughter, Tamala Savage, from a judgment of the Court of Common Pleas of Crawford County granting summary judgment in favor of Shelby Insurance Group ("Shelby").
On January 28, 1997, Appellants filed an amended complaint for declaratory and monetary relief against Shelby Insurance Group. The complaint stated that on November 29, 1994, Tamala Savage was injured while riding as a passenger in a vehicle driven by seventeen year old Jessica Kildow when Kildow's vehicle was involved in an accident. Apparently, Jessica Kildow was insured through a Shelby automobile liability insurance policy purchased by her father, Frederick Kildow. In the complaint for declaratory judgment, Appellants claimed Tamala qualified as an insured under this policy and sought to recover under the policy's underinsured/uninsured motorist ("UM") provisions.[1] Shelby answered the complaint on March 12, 1997, denying that Tamala was an insured under the contract and denying that she otherwise qualified for UM coverage. Furthermore, Shelby asserted the affirmative defense that on December 10, 1993, UM coverage was waived by Frederick Kildow, the named insured on the policy.
On December 5, 1997, Shelby filed a motion for summary judgment on the basis of Frederick Kildow's waiver of UM coverage. Shelby attached a copy of the waiver to its motion along with deposition testimony taken of Frederick and Jessica Kildow. These documents reveal that Frederick Kildow was the title owner of the car driven by Jessica during the accident. Furthermore, Frederick Kildow was the named policyholder of the automobile insurance policy covering Jessica Kildow and the vehicle involved in the accident. Appellants responded by filing a memorandum contra to the motion for summary judgment on December 18, 1997, arguing that the waiver of UM coverage signed by Frederick Kildow in 1993 had no effect on the insurance policy in effect at the time of the accident because Kildow had added an additional vehicle to the policy after the date of the waiver. On February 10, 1998, the trial court granted summary judgment in favor of Shelby, finding that the addition of vehicles to an already existing policy did not require Shelby to make an additional offer of UM coverage to the policyholder.
Appellants now appeal to this court, asserting the following sole assignment of error:
 The trial court erred in finding that the insureds were not required to reject the uninsured/underinsured motorist coverage in writing after 12/10/93 and in granting summary judgment to Defendant.
As a preliminary matter, we note two procedural deviations that have occurred in this case. First, is the omission of evidence demonstrating Savage's qualification as an insured under the Shelby insurance policy, a fact on which the instant action is premised. Because the Shelby insurance policy is not in the record, we have no evidence that Tamala Savage qualified as an insured capable of making a claim for UM coverage against Shelby. Nonetheless, since Shelby did not contest Savage's status as an insured under its policy in its motion for summary judgment and because the trial court apparently proceeded in its ruling on the motion for summary judgment on the assumption that Savage had standing to make a claim for coverage, we will not take further issue with this factual omission in our review of the granting of the motion for summary judgment.
Second, is Appellants' attempt to raise new arguments and present new evidence in their appellate brief to support their contention that summary judgment should not have been granted in this case. Arguments not raised in the trial court are waived on appeal and evidence not filed in the trial court is not properly part of the record on appeal. See State v. Williams (1977),51 Ohio St.2d 112, paragraph one of the syllabus (an appellate court need not consider an error which a party could have called to the trial court's attention but did not); Phung v. Waste Management,Inc. (1986), 23 Ohio St.3d 100, 102, ("An appellate court may not assume as true or even consider facts alleged in a party's brief or attachments thereto."). Thus, we will not consider the new arguments or the new evidence gratuitously presented by Appellants in their brief when determining this appeal.
We begin our review of the merits of Appellants' appeal by noting that our review of a motion for summary judgment is de novo. Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579,588. Summary judgment is appropriate only if there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law and, construing all evidence in favor of the nonmoving party, reasonable minds could only reach a conclusion in favor of the moving party. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66. A motion for summary judgment must be denied where a genuine issue of material fact exists, where competing reasonable inferences may be drawn from undisputed underlying evidence, or where the facts present are uncertain or indefinite. Duke v. Sanymetal Products Co., Inc.
(1972), 31 Ohio App.2d 78, 81. With this standard in mind, we find that the trial court correctly granted summary judgment in favor of Shelby.
In Ohio, an insurer issuing a policy of automobile liability insurance must also include in the policy UM coverage in amounts equal to the liability limits. R.C. 3937.18(A)(1) and (2). R.C.3937.18(A) and O.A.C. 3901-1-39(D) indicate an insurer has the mandatory obligation to offer UM coverage when the liability insurance is "issued," "delivered," and upon "initial application." Once an insurer has complied with the mandatory offering of UM coverage, the named insured may reject UM coverage, pursuant to R.C. 3937.18(C). The Supreme Court of Ohio has held that an offer of UM coverage and any express rejection of such coverage must be evidenced in writing. Gyori v. JohnstonCoca-Cola Bottling Group, Inc. (1996), 76 Ohio St.3d 565, paragraphs one and two of the syllabus. After a valid rejection is made by the named insured of a policy, subsequent offerings of UM coverage need not be made by the insurer if the same policy of insurance initially issued to the insured is merely being renewed. R.C. 3937.18(C) states, in relevant part:
 The named insured may only reject or accept both coverages offered under division (A) of this section * * * Unless the named insured requests such coverages in writing, such coverages need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverages in connection with a policy previously issued to him by the same insurer.
This court has held that if an insurer issues a new policy that is substantially different from a policy previously issued, the insurer must again offer UM coverage in accordance with the mandatory provisions of R.C. 3937.18(A). Stephen v. Shelby Mut.Ins. Co. (1996), 109 Ohio App.3d 459, 462.
In this case, it is undisputed that Frederick Kildow was the named policyholder of the insurance policy under which Appellants now seek UM coverage and that Kildow signed a written waiver of UM coverage on December 10, 1993. The only documented change to Kildow's policy between December of 1993 and November 29, 1994 was the addition of a vehicle to his policy. Appellants' claim this event placed an obligation on Shelby to make a subsequent offer of UM coverage. Appellants' cite no relevant case law to support their contention.
We find that the act of adding a vehicle to an existing automobile liability insurance policy does not by itself create a substantial change in the insurance policy implicating the mandatory provisions of R.C. 3937.18(A). To find otherwise, would require insurers to offer UM coverage at every turn, since adding a vehicle to a motor vehicle insurance policy is one of the most routine occurrences in the automobile insurance business. Nowhere does R.C. 3937.18(A) place such an exhaustive duty upon the insurer. The statute and regulations mandate an offering of UM coverage at the time a policy is issued. In this case, Kildow knew the extent of his coverage and stated that at the time he added the vehicle, he intended for his coverage to remain the same. Shelby did not issue a new policy to Kildow.
Furthermore, by way of analogy, in Johnson v. Great AmericanIns. Co. (1988), 44 Ohio App.3d 71, 75, the appeals court found that absent a specific request otherwise, the addition of a new insured to an existing insurance policy binds the new insured to the terms of the existing policy, including the previous reduction in UM coverage. If the addition of a new insured to an existing insurance policy has not been determined to create a duty in the insurer to make a subsequent offer of UM coverage, it seems illogical to require anything more of an insurer when the addition to the policy is a vehicle. Thus, we find Appellants have failed to demonstrate a "substantial" change in Kildow's policy. For the foregoing reasons, Appellants' assignment of error is overruled.
Having found no error prejudicial to the Appellants herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 BRYANT and HADLEY, JJ., concur.
[1] Appellants' complaint does not state a basis for the allegation that Tamala qualified as an insured under the Shelby insurance contract. The insurance policy does not appear in the record before this court.