OPINION
Plaintiff-appellants appeal from the September 23, 1998, entry of the Fairfield County Court of Common Pleas granting summary judgment in favor of Defendant-appellee Cincinnati Insurance Company.
STATEMENT OF THE FACTS AND CASE
On December 28, 1995, appellant Mark Remington, while acting within the course and scope of his duties as a police officer with the City of Lancaster Police Department, exited his police cruiser to approach a pedestrian who was walking eastbound on State Route 188. As appellant and the pedestrian were standing on the paved portion of the berm, appellant was struck by a motor vehicle operated by Shiri L. Triplett. Appellant, who was hurled into the air, suffered serious injuries, including multiple fractures and injuries to his left leg and right eye. The City of Lancaster is the named insured under a commercial automobile liability policy issued by appellee Cincinnati Insurance Company, and underwritten by the Behrens Insurance Agency. Appellee Cincinnati Insurance Company first issued a Commercial Automobile Liability policy (Policy No. BA 332 44 90) to the City of Lancaster in 1985 after the city submitted a "General and/or Commercial Automobile Liability Application". The original policy covered the period from February 8, 1985, to February 8, 1986. On or about February 25, 1985, Sam Barney, as a representative of the City of Lancaster, signed a "Uninsured and Underinsured Motorists Protection Option Selection Form — Ohio" indicating that the city was rejecting uninsured and underinsured motorists protection by marking the appropriate box on the form. The Option Selection Form contained the following language: "Revised Code 3937.18 of the laws of Ohio requires that automobile liability insurance policies effective October 1, 1982 or thereafter afford Uninsured Motorists and Underinsured Motorists Coverage limits equal to the Bodily Injury liability limits of the policy to which the coverage attaches. You may, however, select both coverages at lower limits or reject entirely."
The Option Selection Form further stated at the bottom of the form, right before the signature line, as follows: "Attached to and forming part of Policy Number BA 332 44 90 and any Renewal or Replacement thereof." Although the policy number changed three times over the years for administrative reasons, the City of Lancaster renewed its commercial automobile liability policy with appellee Cincinnati Insurance Company every year from 1985 through 1997. The renewal policy in effect at the time of the accident that injured appellant (Policy No. CAP 500 98 08 AWR), which provided liability insurance in the amount of one million dollars per accident, had an effective policy period from February 8, 1995, through February 8, 1996. Such policy renewed an earlier renewal policy with an effective policy period from February 8, 1994, through February 8, 1995. In addition, Option Selection Forms rejecting uninsured and underinsured motorist protection were signed by a representative of the City of Lancaster in February of 1989, February of 1992, March of 1993, either February or March of 1994, and February of 1996 and 1997. There is no evidence that a form was signed rejecting coverage for the policy year 1995 to 1996. Since its workers were covered by workers compensation laws, the City of Lancaster had, at the recommendation of James L. Hietikko, an insurance agent with the Behrens Agency, historically rejected uninsured/underinsured motorist coverage to save on insurance premiums. On January 23, 1997, appellant Mark Remington and his wife, Leslie Remington, (hereafter referred to as appellants) filed a complaint for personal injury against Shiri L. Triplett, the driver of the car that struck appellant, and also the Cincinnati Insurance Company, seeking uninsured/underinsured motorist benefits. Shiri L. Triplett filed an answer on February 20, 1997, and appellee Cincinnati Insurance Company on February 24, 1997. Appellants subsequently filed an amended complaint on May 9, 1997, with leave of court, to amend the prayer against appellee Cincinnati Insurance Company. Both Triplett and Cincinnati Insurance Company filed answers to the same. Appellee Cincinnati Insurance Company filed a Motion for Summary Judgment on May 5, 1998, arguing that it was entitled to judgment as a matter of law since it did not have an obligation to provide underinsured motorist coverage to appellants. Pursuant to a Partial Stipulation of Dismissal filed on July 20, 1998, appellants, Intervening Plaintiff Ohio Bureau of Workers Compensation, and Shiri Triplett settled and dismissed all claims filed between them. Appellants, on July 21, 1998, filed a Memorandum Contra [Appellee's] Motion for Summary Judgment. A Motion for Summary Judgment against appellee Cincinnati Insurance Company was filed by appellants on July 27, 1998. Appellee Cincinnati Insurance Company filed a reply memorandum in support of its Motion for Summary Judgment on August 3, 1998, and, on August 10, 1998, filed a memorandum contra to appellants' Motion for Summary Judgment. Pursuant to a Memorandum of Decision filed on August 12, 1998, the trial court granted appellee Cincinnati Insurance Company's Motion for Summary Judgment. Thereafter, appellants filed a reply memorandum in Support of their Motion for Summary Judgment on August 14, 1998. A Motion to Reconsider the trial court's August 12, 1998, Memorandum Decision granting appellee Cincinnati Insurance Company's Motion for Summary Judgment was filed by appellants on August 17, 1998. Appellee Cincinnati Insurance Company filed a memorandum in opposition to the Motion to Reconsider on August 27, 1998. Pursuant to a September 9, 1998, Memorandum Decision, the trial court once again granted appellee Cincinnati Insurance Company's Motion for Summary Judgment and also denied appellants' Motion for Summary Judgment. An Entry journalizing the court's decision was filed on September 23, 1998. It is from the September 23, 1998, Entry that appellants prosecute their appeal, raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE GENUINE ISSUES OF MATERIAL FACT EXIST AS TO WHETHER APPELLEES' [sic] HAD ACTUALLY MADE A WRITTEN OFFER OF UNISURED[sic]/UNDERINSURED MOTORISTS COVERAGE TO THE CITY OF LANCASTER.
 II. THE TRIAL COURT ERRED IN GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE GENUINE ISSUES OF MATERIAL FACT EXIST AS TO WHETHER APPELLEES'[sic] DEMONSTRATED THAT ANY REJECTION BY THE CITY OF LANCASTER WAS KNOWINGLY MADE.
 I, II
Appellants, in their two assignments of error, argue that the trial court erred in granting appellee Cincinnati Insurance Company's Motion for Summary Judgment because there are genuine issues of material fact as to whether a written offer of uninsured/underinsured motorists coverage was made by appellee to the City of Lancaster and whether if so, any rejection of the same by the City of Lancaster was knowingly made. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. Civ. R. 56(c) states in pertinent part: Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1966), 75 Ohio St.3d 280. It is based upon this standard we review appellants' assignments of error. Pursuant to R.C. 3937.18(A), all insurance companies are required to offer uninsured and underinsured motorist (hereafter referred to as "UM/UIM") coverage with every automobile liability or motor vehicle liability policy delivered or issued for delivery in the state of Ohio. The offer of UM/UIM motorist coverage must be in writing "to prevent needless litigation about whether the insurance company offered UM coverage and will in the long run benefit insurance companies. . . ." Gyori v. Johnston Coca-Cola Bottling Group, Inc. (1996), 76 Ohio St.3d 565, 568. If an insurance company fails to offer UM/UIM coverage, the insured acquires such coverage by operation of law. Abate v. Pioneer Mut. Cas. Co. (1970), 22 Ohio St.2d 161, 163. Provided that there was a written offer of UM/UIM coverage from an insurance provider to an insured, the insured can reject the same pursuant to R.C. 3937.18(C). However, "[i]n order for a rejection of uninsured [and underinsured] motorist coverage to be expressly and knowingly made, such rejection must be in writing and must be received by the insurance company prior to the commencement of the policy year." Gyori, supra, paragraph two of the syllabus. The insurance company has the burden of showing that any rejection by its customer was made knowingly. See Gyori, supra, at 567-568, citing Ady V.W. Am. Ins. Co. (1982), 69 Ohio St.2d 593,597. Pursuant to R.C. 3937.18(C), unless the named insured requests UM/UIM coverage in writing, such coverage need not be provided in or made supplemental to a renewal policy where the named insured has rejected the coverage in connection with a policy previously issued to him by the same insurer. The first issue for determination is whether appellee Cincinnati Insurance Company made a written offer of UM/UIM coverage to the City of Lancaster as is required by Gyori, supra. The Ohio Supreme Court in Gyori held that an insurance company had offered uninsured motorist coverage to its insured since it had discussed such coverage with its insured and attached to its proposal for insurance a form allowing its insured to either accept or reject such coverage. In Mast v. Progressive Cas. Ins. Co. (July 7, 1998), Holmes App. No. CA004, unreported, this court specifically held that the decision in Gyori applies equally to underinsured motorist coverage. In the case sub judice an "Uninsured and Underinsured Motorists Protection Option Selection Form" was signed by a representative of the City of Lancaster on or about February 25, 1985, approximately six weeks after the City submitted its application for commercial automobile liability insurance to appellee Cincinnati Insurance Company. Option Selection Forms were also signed in February of 1989, February of 1992, March of 1993, either February or March of 1994, and February of 1996 and 1997. The Option Selection Forms, which contain language written in the present tense, state that R.C.3937.18 requires automobile liability insurance policies to afford UM/UIM coverage limits "equal to the Bodily Injury liability limits of the policy to which the coverages attach." The Option Selection Forms allow the insured to either select UM/UIM coverage at limits lower than the bodily injury liability limits of the insured's policy or reject such coverage entirely. Clearly, appellee Cincinnati Insurance Company presented the City of Lancaster with forms allowing it to accept or reject UM/UIM coverage. Moreover, as emphasized by Gyori, supra, Cincinnati Insurance Company discussed UM/UIM coverage with the City of Lancaster. James L. Hietikko, the owner of the Behrens Insurance Agency, testified during his deposition that although the City of Lancaster had purchased UM/UIM coverage in the late 1980's, the city subsequently had, at his recommendation, decided to reject such coverage for financial reasons. Moreover, Earl M. Strawn, the City's Safety Director, testified at deposition that he had annual discussions with Hietikko about insurance coverage and that he relied on Hietikko to explain the various types of insurance coverage to him. In addition Strawn, in his affidavit which was attached to appellee's Cincinnati Insurance Company's Motion for Summary Judgment, stated that appellee Cincinnati Insurance Company offered the City of Lancaster UM/UIM coverage, and that the city, based on discussions with James Hietikko, decided to reject such coverage since city employees were covered by workers compensation laws. Since Cincinnati Insurance discussed UM/UIM coverage with the City of Lancaster and provided an Option Selection Form to the City allowing it to either accept or reject such coverage, we find that there was a written offer of UM/UIM coverage to the city. Accordingly, since appellee Cincinnati Insurance Company offered UM/UIM coverage to the City of Lancaster, the next question that must be addressed is whether the City expressly and knowingly rejected the coverage. The City of Lancaster originally signed an Option Selection Form rejecting UM/UIM coverage in 1985. However, James Hietikko testified that the city had then purchased UM/UIM coverage in the late 1980's. Thereafter, Option Selection Forms rejecting coverage were also signed in 1989, 1992, 1993, 1994, 1996 and 1997. The Option Selection Form rejecting UM/UIM coverage for the policy period from February 8, 1992, to February 8, 1993, was signed on February 5, 1992. Since the City of Lancaster rejected UM/UIM coverage in 1992, prior to the start of the relevant policy period, appellee Cincinnati Insurance was not required, unless requested by the City, to reoffer such coverage in the renewal policies, including the subject policy, under R.C. 3937.18(C). However, as is discussed above, the City of Lancaster never requested UM/UIM coverage but rather chose to reject UM/UIM coverage to save money on insurance premiums. Appellants cite Gyori, supra in support of their contention that the rejection signed by the City of Lancaster is not effective because it was not received prior to the commencement of the policy year. There is no evidence that an Option Selection Form rejecting UM/UIM coverage for the policy period from February 8, 1995, to February 8, 1996, which is the period during which the accident occurred, was signed by the City of Lancaster. However, pursuant to R.C.3937.18(C), the Option Selection Form rejecting UM/UIM coverage, which was signed on February 5, 1992, prior to the commencement of the relevant policy period, was effective upon the subsequent renewal of the policy unless the City of Lancaster requested UM/UIM coverage in writing. See Hillyer v. State Farm Ins. Co. (June 26, 1998), Lake App. No. 97-L-031, unreported and Lawrence v. American National Red Cross (February 21, 1995) Franklin App. No. 94APE08-1143, unreported. The rejection signed in 1992 was already in place when the policy in question was renewed and was effective to decline coverage since the city never requested such coverage at the time of any subsequent renewal of its policy. Moreover, the Option Selection Forms rejecting UM/UIM coverage which were signed in 1989, 1992-94, 1996 and 1997 all contained the following language: "Attached to and forming a part of policy number. . . . and any Renewal or Replacement thereof." (Emphasis added). This Court finds based, on the foregoing, that the City of Lancaster expressly and knowingly rejected UM/UIM coverage. Based on the foregoing, this court finds that the trial court did not err in granting appellee Cincinnati Insurance Company's Motion for Summary Judgment since, construing the evidence in appellant's favor, there were no genuine issues of material fact.
Both of Appellant's assignments of error are denied.
The judgment of the Fairfield County Court of Common Pleas is affirmed.
By Edwards, J. Wise, P.J. and Farmer, J. concur