DECISION
Joseph A. Coey and the statutory survivors of Robert L. Coey, Sr., plaintiffs-appellants (hereinafter collectively referred to as "appellants") appeal the granting of summary judgment to defendant-appellee, Allstate Insurance from the Franklin County Court of Common Pleas. Appellants argue that Elma and Robert Coey (the "Coeys") did not knowingly waive uninsured motorist coverage ("UM coverage"). We agree because the written waiver of UM coverage did not inform the Coeys that an uninsured motorist could be a spouse who is insured under the policy. Appellants also argue that the written waiver used by Allstate is against public policy. We do not address this argument because it is moot. Accordingly, we reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.
Elma Jean Coey was driving her car northbound on U.S. Route 33 when she turned into the path of a Ryder tractor-trailer. Elma and her passenger, husband Robert Coey, died as a result of the crash.
The Coeys were named insureds in an automobile insurance policy issued by Allstate ("the Policy"). The Coeys signed a waiver of UM coverage. This form, entitled "Ohio Uninsured Motorists Insurance (Coverage SS) Acceptance/Rejection," explained UM coverage by providing:
 Uninsured Motorists Insurance (Coverage SS) applies to all private passenger motor vehicles insured by your policy. Coverage SS pays for bodily injury damage you or others insured under your policy sustain and are legally entitled to recover from:
Uninsured Motorists, who are
 y drivers with no bodily injury liability bond or insurance policy in effect at the time of the accident.
 y drivers with bodily injury liability limits which are less than the required minimum limits of $12,500/$25,000 * * *.
y hit-and-run drivers * * *.
 y drivers insured by insurance companies that deny coverage or become insolvent. * * *
On this form, the box next to the phrase "I do not want Coverage SS included in my policy" is checked, and the Coeys' signatures appear. The Policy also excluded intra-family liability by providing:
 Allstate will not pay for any damages an insured person is legally obligated to pay because of:
* * *
 8. bodily injury to any person related to an insured person by blood, marriage, or adoption and residing in that person's household. * * *
Appellants initiated this action against Elma for the wrongful death of Robert. The driver of the Ryder truck, David Knepshield, and Ryder Truck Rental, Inc. were also named defendants, but were eventually dismissed. The trial court permitted Allstate to intervene and file for a declaratory judgment seeking a determination that: (1) it had no obligation to defend Elma's estate; (2) it was not obligated to pay, under the policy, any sums Elma's estate may become obligated to pay as a result of the accident; and (3) the policy did not provide UM coverage.
Both appellants and Allstate moved for summary judgment on the declaratory judgment complaint. The trial court initially sustained appellants' motion for summary judgment. Allstate then filed a motion for reconsideration of this decision. The trial court sustained Allstate's motion for reconsideration and subsequently issued a judgment denying appellants' motion for summary judgment and granting summary judgment to Allstate. The trial court found that: (1) Allstate is not obligated to defend Elma's estate for any lawsuit or claim arising out of the accident; (2) Allstate is not obligated to pay for any of Elma's liability arising out of the accident; and (3) the policy did not include UM coverage.
 Appellants appeal and assert the following two assignments of error:
 I. THE TRIAL COURT ERRED IN ITS DETERMINATION THAT ROBERT AND ELMA COEYS' [SIC] EXECUTION OF A WRITTEN WAIVER OF UNINSURED MOTORIST COVERAGE WAS SUFFICIENT, WITHOUT MORE, TO SATISFY ALLSTATE'S BURDEN OF PROVING THAT THE REJECTION OF UNINSURED MOTORIST COVERAGE WAS BOTH EXPRESSLY AND KNOWINGLY MADE.
 II. THE TRIAL COURT ERRED IN ITS DETERMINATION THAT ALLSTATE'S POLICY COMPLIED WITH R.C. § 3937.18 DESPITE ITS FAILURE TO PROVIDE ADEQUATE NOTICE TO POLICY OWNERS OF THE CUMULATIVE EFFECT OF THE INTRA-FAMILY EXCLUSION AND THE WAIVER OF UNINSURED MOTORIST COVERAGE.
In their first assignment of error, appellants argue that the trial court erred in granting Allstate summary judgment because Allstate did not meet its burden of proof that the Coeys knowingly waived UM coverage.
Summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Civ.R. 56(C);Tokles Son, Inc. v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621,629, citing Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 65-66. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292. Once the moving party meets its initial burden, the nonmovant must then set forth specific facts showing that there is a genuine issue for trial. Id.
In reviewing a trial court's disposition of a summary judgment motion, an appellate court applies the same standard as that applied by the trial court. Maust v. Bank One Columbus, N.A.
(1992), 83 Ohio App.3d 103, 107. An appellate court reviews a summary judgment disposition independently and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. ofCommrs. (1993), 87 Ohio App.3d 704, 711. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously, with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
Insurance companies must offer UM coverage with every automobile liability or motor vehicle liability policy issued in Ohio. R.C. 3937.18(A); Gyori v. Johnston Coca-Cola BottlingGroup, Inc. (1996), 76 Ohio St.3d 565, 567. Any rejection of UM coverage must be made expressly and knowingly. R.C. 3937.18(C);Gyori, at 826; Ady v. West American Ins. Co. (1982), 69 Ohio St.2d 593,597; Abate v. Pioneer Mut. Cas. Co. (1970), 22 Ohio St.2d 161, paragraph one of the syllabus. For a rejection of UM coverage to be expressly and knowingly made, both the offer and rejection of the UM coverage must be in writing, and the rejection must be received by the insurance company prior to the commencement of the policy year. Gyori, supra. Insurance companies bear "the burden of showing that any rejection was knowingly made by the customer." Gyori, at 567-568, citing Ady,
at 597. See, also, Schumacher v. Kreiner (2000), 88 Ohio St.3d 358,360.
While R.C. 3937.18 does not require the offer and rejection of UM coverage to be in writing, the Ohio Supreme Court added such a requirement in Gyori because "[s]uch a requirement will prevent needless litigation about whether the insurance company offered UM coverage * * *." Gyori, at 568 quoting Ady, at 597.
Here, Elma and Robert Coey signed a written waiver of UM coverage. Appellants argue that the waiver was not knowingly and expressly made because the waiver form did not advise the Coeys that, due to the intra-family liability exclusion of the policy, each of them would fall within the class of uninsured motorists for which coverage could be provided to the other under the UM coverage. Appellants assert that since the Coeys are not alive to provide information concerning why they rejected UM coverage, there are equal possibilities that the Coeys made a knowingly, informed, economic decision to forego any UM coverage, and that the Coeys' decision to reject coverage grew out of a lack of understanding as to the relationship between the intra-family liability exclusion clause of the policy and the waiver of UM coverage.
A reasonable person reading the written waiver of UM coverage used in this case would not realize that due to the intra-family liability exclusion of the policy, a spouse insured under the same policy could be an uninsured motorist if both spouses were involved in the same accident. Thus, as a matter of law, the Coeys did not knowingly waive UM coverage. Without a knowing waiver of UM coverage, UM coverage is created by operation of law. R.C. 3937.18; Schumacher, at 359-360; Gyori, supra.
Therefore, the Coeys' policy included UM coverage. Accordingly, the trial court erred in granting summary judgment to Allstate.
In their second assignment of error, appellants argue that allowing an insured to reject UM coverage when the policy has an intra-family liability exclusion is against public policy "unless the consequences of the interaction between the intra-family exclusion and the waiver of [UM] coverage are fully explained to the insured." Given our resolution of appellants' first assignment of error, the second assignment of error is moot. Therefore we will not address it. See App.R. 12(A)(1)(c).
In sum, we sustain appellants' first assignment of error and do not address the second assignment of error because it is moot. Accordingly, the judgment of the Franklin County Court of Common Pleas is reversed and this cause is remanded to that court for further proceedings in accordance with law, consistent with this decision.
BOWMAN, P.J., and TYACK, J., concur.
 KLINE, J., of the Fourth Appellate District, sitting by assignment under authority of Section 6(C), Article IV, Ohio Constitution.