ABATE ET AL., APPELLEES, *v.* THE PIONEER MUTUAL
CASUALTY CO., APPELLANT.

[Cite as Abate v. Pioneer Mutual Cas. Co. (1970),
22 Ohio St. 2d 161.]

(No. 69-372—Decided May 13, 1970.)

162

*Mr. Lawrence J. Damore,* for appellees.
*Mr. Clyde H. Collins,* for appellant.

CORRIGAN, J.  Appellant seeks to support its appeal with two propositions of law, the first of which is that R. C. 3937.18 is a regulatory statute requiring insurance companies to offer uninsured motorist coverage with automobile liability policies and that this statute does not make uninsured motorist coverage compulsory and does not create uninsured motorist coverage by operation of law.

R. C. 3937.18 provides:

"*No automobile liability or motor vehicle liability policy* of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered

by any person arising out of the ownership, maintenance, or use of a motor vehicle *shall be delivered or issued* for delivery *in this state* with respect to any motor vehicle registered or principally garaged in this state *unless coverage is provided therein or supplemental thereto,* in limits for bodily injury or death set forth in Section 4509.20 of the Revised Code, under provisions approved by the Superintendent of Insurance, *for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles* because of bodily injury, sickness, or disease, including death, resulting therefrom; *provided, that the named insured shall have the right to reject such coverage; and provided further that, unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverage in connection with a policy previously issued to him by the same insurer.*" (Emphasis added.)

Appellant's contention that this section is a mere regulatory statute requiring appellant, as an insurance company, to offer uninsured motorist coverage with automobile liability policies is clearly not borne out by the terminology of the statute.

The language of the statute makes the uninsured motorist coverage imperative in that it requires the insurer, as a condition to the issuance of a policy, to provide that coverage in the policy. However, the statute does not require the insured to accept that coverage. The statute does not employ the word "offer," but it does provide "that the named insured shall have the right to reject such coverage." Thus, the only way in which the coverage can be eliminated from the insurance contract is by the overt refusal by the insured to accept it. We therefore conclude that unless the insured expressly rejects such protection, the uninsured motorist coverage is provided for him by operation of law.

As a general rule, statutes which relate to the essence of the act to be performed are matters of substance, and

are mandatory; those which do not relate to the essence, compliance with which is merely a matter of convenience rather than substance, are directory. *State, ex rel. Jones, v. Farrar,* 146 Ohio St. 467.

In our view, R. C. 3937.18 relates to a matter of substance, affects substantial rights which are of the essence of the thing required to be done by the insurance company, and is mandatory, not regulatory or directory. We reject appellant's first proposition of law.

Appellant urges as its second proposition of law that when an insurance company has made uninsured motorist coverage available to an insured in a motor vehicle liability policy by providing such coverage within the policy, subject only to the insured paying a premium therefor, the failure by the insured to pay the premium is a rejection of uninsured motorist coverage within the meaning of R. C. 3937.18.

We do not have the benefit of a bill of exceptions. Separate findings of fact and conclusions of law were rendered by the trial court upon the written request of appellant. We are bound by the findings of fact, in the absence of a bill of exceptions. The Court of Common Pleas, *inter alia,* found that:

"* * * on 26th day of January, 1966, the defendant, Pioneer Mutual Casualty Company issued a renewal certificate policy No. 187722 to the plaintiff, Joseph Abate. The policy became effective as a renewal certificate on January 26, 1966.

"* * * that the policy was in full force and effect up to and including the date of April 29, 1966.

"* * *

"* * * that the insured was not given the opportunity to reject and has not in fact rejected uninsured motorist coverage as provided in O. R. C. Section 3937.18."

The findings of fact omit any reference to payment of a premium. However, in the journal entry of the trial court we encounter a partly inconsistent note of obviously different legal draftsmanship in paragraph three thereof, as follows:

"The court further finds that plaintiffs had not purchased or paid a premium to defendant for uninsured motorist coverage to be effective as of April 29, 1966 * * *."

Whether the premium was paid or not makes no difference in this case. The policy was in full force and effect as a result of the issuance by defendant insurance company on January 26, 1966, of a renewal certificate on policy No. 187722. R. C. 3937.18, *supra*, was enacted, effective September 15, 1965. Amended Substitute House Bill No. 61, which enacted R. C. 3937.18, provided, in Section 2 thereof, as follows:

"Section 2. This act shall take effect with respect to automobile liability and motor vehicle liability policies or renewals with an inception date on and after January 1, 1966."

Uninsured motorist coverage is a relatively new adjunct to the automobile insurance policy, and is designed to protect persons injured in automobile accidents from losses which, because of the tort-feasor's lack of liability coverage, would otherwise go uncompensated. R. C. 3937.18 makes mandatory the offering of uninsured motorist coverage by insurance companies licensed in the state of Ohio.

The policy of insurance with which we are concerned was in full force and effect on April 29, 1966. Under the mandatory provision of R. C. 3937.18, uninsured motorist coverage was a part of that contract of insurance, the named insured not having expressly rejected such coverage. We are unable to accept appellant's second proposition of law.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'Neill, C. J., Leach, Schneider, Herbert and Duncan, JJ., concur.*

Leach, J., of the Tenth Appellate District, sitting for Matthias, J.

---

*Chief Justice Taft participated in this case which was, however, decided after his death.