BRADEN, Appellee,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.**

[Cite as *Braden v. State Farm Mut. Auto. Ins. Co.* (1994), 92 Ohio App.3d 777.]

Court of Appeals of Ohio,
Clermont County.

No. CA93–07–054.

Decided Feb. 7, 1994.

*Walker, Bradford & Hill* and *D. Vincent Faris,* for appellee.

*Hamilton, Kramer, Myers & Cheek* and *James R. Gallagher,* for appellant.

WALSH, Judge.

Jennifer Lynn Braden, plaintiff-appellee, sustained injuries in an automobile accident with an uninsured motorist. Jennifer is the named insured on an automobile liability insurance policy issued by defendant-appellant, State Farm Mutual Automobile Insurance Company. Jennifer, who is an adult, obtained the policy with the aid of her mother, Loreda Braden.

Loreda took Jennifer to see a State Farm agent about insurance for Jennifer's Chevrolet Chevette. After discussing different options with the agent and in Jennifer's presence, Loreda signed an application for insurance and a document purporting to reduce uninsured motorist coverage from the $100,000/300,000 limit of the liability policy to a $50,000/100,000 limit. State Farm's agent never explained to Jennifer the insurance policy or the document rejecting equivalent uninsured motorist coverage. Jennifer never signed either document. Jennifer did pay the premiums on the policy, but she stated that she never understood the significance of rejecting equivalent uninsured motorist coverage until after the accident, a claim State Farm does not dispute.

After Jennifer had the accident, she filed a complaint for a declaratory judgment. On July 2, 1993, the trial court granted summary judgment in favor of Jennifer Braden, declaring the existence of a contract of automobile insurance and the limits of uninsured motorist coverage to be $100,000/300,000. The trial court found that Jennifer had ratified Loreda's actions in purchasing liability insurance, but that State Farm had not proven an express or knowing ratification by Jennifer of Loreda's rejection of equivalent uninsured motorist coverage.

In its appeal of the trial court's decision, State Farm raises two assignments of error:

Assignment of Error No. 1:

"The trial court erred when it found that the 'named insured', Jennifer Braden, had ratified the acts of her mother in obtaining an insurance contract for her but that she had not ratified the concurrent act of her mother in selecting lower uninsured motorists coverage limits for her as part of that same insurance contract."

Assignment of Error No. 2:

"The trial court erred in failing to find that Loreda Braden had implied or apparent authority to act on behalf of her daughter, Jennifer Braden, when Loreda Braden signed the application for insurance and rejection of equal coverages."

The two assignments of error will be considered together. Since an insurance policy is a contract, State Farm argues general contract and agency principles

should govern our interpretation of the transaction. State Farm argues that Jennifer ratified the insurance policy with reduced uninsured motorist coverage by paying the premiums and by accepting the benefits of the policy. State Farm claims the trial court erred when it found that Jennifer had only ratified the liability insurance policy, because a principal cannot ratify advantageous parts of an agreement while repudiating disadvantageous parts.

Alternatively, State Farm argues that Loreda had implied or apparent authority to reject the uninsured motorist coverage because the transaction occurred in the presence of the named insured, Jennifer. If a named insured can purchase insurance through an agent, State Farm argues a named insured can also reject equivalent uninsured motorist coverage through an agent. Conversely, if Loreda had no authority to reject the uninsured motorist coverage, State Farm argues she had no authority to purchase the insurance policy. Therefore, there is no contract between the parties, and Jennifer has no insurance at all.

Absent legislative action in this area, State Farm's analysis would be correct. The legislature altered common-law contract and agency principles in relationship to uninsured motorist policies with R.C. 3937.18:

"(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following are provided:

"(1) Uninsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for bodily injury or death under provisions approved by the superintendent of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom;

" * * * *

"(C) The named insured may only reject or accept both coverages offered under division (A) of this section. The named insured may require the issuance of such coverages for bodily injury or death in accordance with a schedule of optional lesser amounts approved by the superintendent, that shall be no less than the limits set forth in section 4509.20 of the Revised Code for bodily injury or death. * * * "

The Ohio Supreme Court stated that:

"R.C. 3937.18 requires automobile liability insurance policies issued in this state to contain an 'uninsured motorist' provision which protects the insured from losses occasioned through the fault of uninsured motorists, and such provision can be eliminated from such a policy of insurance *only* by the express rejection of that provision by the insured." (Emphasis added.) *Abate v. Pioneer Mut. Cas. Co.* (1970), 22 Ohio St.2d 161, 51 O.O.2d 229, 258 N.E.2d 429, paragraph one of the syllabus.

If the uninsured motorist coverage is not expressly rejected by the named insured, equivalent amounts of liability and uninsured motorist coverage are provided by operation of law. *Id.* This holding has been extended so that an insurance company also has the burden of proving the named insured expressly rejected equivalent uninsured motorist coverage. *Poots v. Motorist Ins. Co.* (1986), 38 Ohio App.3d 48, 526 N.E.2d 71. The purpose of R.C. 3937.18 is to have an insured make a conscious decision to reject equivalent coverage. *Rippon v. Grange Mut. Cas. Co.* (Sept. 8, 1989), Erie App. No. E–89–5, unreported, 1989 WL 103348.

 "Ratification by a principal cannot occur unless that principal has full knowledge and understanding of the acts performed by the agent." *Testa v. Roberts* (1988), 44 Ohio App.3d 161, 165, 542 N.E.2d 654, 659. By virtue of R.C. 3937.18, a named insured must knowingly and expressly ratify an agent's act of rejecting equivalent uninsured motorist coverage in order for the rejection to be valid. In this case, State Farm presented no evidence to show Jennifer knowingly and expressly ratified Loreda's actions. The record indicates Jennifer did not understand that Loreda was reducing her uninsured motorist coverage.

 State Farm cannot meet the burden of proving an express rejection of equivalent coverage by arguing Jennifer impliedly ratified the rejection. If we accepted State Farm's argument, it would be tantamount to repealing R.C. 3937.18 by judicial fiat. State Farm's argument would mean that in proving an express rejection of equivalent coverage by a named insured, an insurance company would only have to show that the named insured either paid the premiums or accepted benefits under the policy. This would make the burden of proving an express rejection meaningless.

 Similarly, State Farm's argument that Loreda had implied or apparent authority to reject equivalent uninsured motorist coverage must fail. We agree that an expressly authorized agent can reject equivalent uninsured motorist coverage. See *Reddington v. Fireman's Fund Ins. Co.* (July 2, 1992), Mahoning App. No. 91 C.A. 117, unreported, 1992 WL 161157. However, State Farm concedes Jennifer did not expressly authorize Loreda to reject equivalent coverage. State Farm's argument that Jennifer impliedly authorized the rejection of

the coverage also falls short of meeting the burden of proving an express rejection. In order to achieve the purpose of R.C. 3937.18, it is not unduly burdensome to require an insurance company to obtain an express statement, written or otherwise, from a named insured rejecting equivalent uninsured motorist coverage when an insurance policy is purchased. Accord *Rippon.*

Accordingly, State Farm's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

KOEHLER, P.J., and WILLIAM W. YOUNG, J., concur.