GROOMS, Individually and d.b.a. Poplar Ridge Farms, et al., Appellants,

v.

MARSHALL et al., Appellees.

[Cite as *Grooms v. Marshall* (2000), 139 Ohio App.3d 862.]

Court of Appeals of Ohio,
Twelfth District, Brown County.

No. CA2000–04–012.

Decided Oct. 23, 2000.

*Stephen C. Rodeheffer,* for appellants.

*Deters, Benzinger & LaVelle, PSC, Stephen J. Brewer* and *Rachel Payne Vardiman,* for appellees.

WIILIAM W. YOUNG, Judge.

Plaintiff-appellant, Christopher T. Grooms, appeals the decision of the Brown County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Nationwide Insurance Company ("Nationwide").

On April 18, 1997, Christopher was injured in an automobile accident caused by Charles Marshall, an underinsured driver. Marshall had liability coverage of $12,500, and his carrier has paid this amount to Christopher.

At the time of the accident, Christopher was an emancipated adult, living with his wife and children away from his parents, Treber and Betty Grooms. Treber and Betty ran a family farm, and they insured their automobiles under a commercial policy with Nationwide. Christopher's automobile, a Jeep Cherokee, was listed on this commercial policy. Christopher remained a named insured of this policy, even after his emancipation. The arrangement provided a lower premium than he could afford on his own.

In general, the policy included underinsured motorist ("UIM") coverage of $100,000, equivalent to the policy's liability limit. Treber, though, signed a waiver with Nationwide in 1991 to reduce the UIM coverage to $25,000 for Treber's vehicle, a Ford pickup used for farm purposes. It was in this pickup that Christopher was injured.

As part of his suit against Marshall, Christopher also sought a declaration against Nationwide that he was entitled to the general $100,000 UIM limit under the Nationwide policy. Nationwide responded that the $25,000 UIM coverage limit on the Ford pickup was applicable because Treber had executed a rejection of equivalent UIM coverage on the pickup. Both parties filed motions for summary judgment. The trial court granted summary judgment in Nationwide's favor, ruling that the $25,000 limit was the applicable UIM coverage. Christopher appeals.

Assignment of Error No. 1:

"The trial court committed error in denying the appellant the right to collect the underinsured motorist coverage that he had paid for under his auto insurance policy."

Assignment of Error No. 2:

"Regardless of which coverage is applicable, appellant is not bound by any rejection of UM/UIM coverage made by his father and the trial court erred by so ruling."

Christopher contends that $100,000 was the UIM coverage limit applicable to his accident. He asserts that he was not bound by Treber's waiver of equivalent

UIM coverage. Christopher argues that Nationwide was required to get an express waiver from him to bind him to a lower coverage limit.

Nationwide asserts that because Treber executed a rejection of equivalent coverage for the Ford pickup in which Christopher was injured, Christopher should be limited to the lower UIM coverage limit for the pickup. It is well settled that UIM coverage was designed by the General Assembly to protect persons, not vehicles. *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 664, 710 N.E.2d 1116, 1119, citing *Martin v. Midwestern Group Ins. Co.* (1994), 70 Ohio St.3d 478, 639 N.E.2d 438, paragraph one of the syllabus. Thus, Nationwide's contention that a UIM coverage limit ostensibly applicable to a vehicle, rather than a limit applicable to a person, should govern the result in this case is unfounded. We must therefore consider whether Treber's rejection of equivalent UIM coverage is binding upon Christopher.

Nationwide argues that the current version of R.C. 3937.18(C), which imputes the waiver of equivalent UIM coverage by one named insured to all named insureds of the same policy, is applicable to the instant case. R.C. 3937.18(C) was amended into its present form effective September 3, 1997, months after Christopher's accident and even longer after the present contract of insurance was completed. The Ohio Supreme Court conclusively held in *Ross v. Farmers Ins. Group of Cos.* (1998), 82 Ohio St.3d 281, 695 N.E.2d 732, syllabus:

"For purpose of determining the scope of coverage of an underinsured motorist claim, the statutory law in effect at the time of entering into a contract for automobile insurance controls the rights and duties of the contracting parties."

Thus, contrary to Nationwide's assertion, current R.C. 3937.18(C) is inapplicable. We therefore look to former R.C. 3937.18(C) to resolve the instant dispute.

Former R.C. 3937.18(C) read:

"The named insured may only reject or accept both coverages offered under division (A) of this section. The named insured may require the issuance of such coverages for bodily injury or death in accordance with a schedule for optional lesser amounts approved by the superintendent, that shall be no less than the limits set forth in section 4509.20 of the Revised Code for bodily injury or death. Unless the named insured requests such coverages in writing, such coverages need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverages in connection with a policy previously issued to him by the same insurer."

Under former R.C. 3937.18(C), UIM coverage "can be eliminated from * * * a policy of insurance only by the express rejection of that provision by the insured." *Abate v. Pioneer Mut. Cas. Co.* (1970), 22 Ohio St.2d 161, 51 O.O.2d

229, 258 N.E.2d 429, paragraph one of the syllabus. If UIM coverage is not expressly rejected by the named insured, then the equivalent amounts of liability and UIM coverage are provided by operation of law. *Id.* at paragraph two of the syllabus.

■ Christopher contends that since he did not execute an express rejection of equivalent UIM coverage, the general $100,000 UIM policy limit is applicable to him. Nationwide does not challenge this contention. Rather, Nationwide argues that Treber signed the rejection as Christopher's agent. Nationwide further asserts that even if Treber was not Christopher's agent, Christopher acquiesced in the rejection by not expressly denying it between the time of Treber's rejection and the time of the accident.

■ In *Braden v. State Farm Mut. Auto. Ins. Co.* (1994), 92 Ohio App.3d 777, 637 N.E.2d 109, this court considered the situation where an alleged agent of the named insured executes a rejection of equivalent UIM coverage. In that case, this court determined that "[b]y virtue of R.C. 3937.18, a named insured must knowingly and expressly ratify an agent's act of rejecting equivalent [UIM] coverage in order for the rejection to be valid." *Id.* at 781, 637 N.E.2d at 111. An authorized agent can reject equivalent UIM coverage, but if there is not an express statement of authority from the named insured, the insurance company must "obtain an express statement, written or otherwise, from a named insured rejecting equivalent [UIM] coverage when an insurance policy is purchased." *Id.* at 781–782, 637 N.E.2d at 111. There must be more than the named insured simply paying the premium or accepting the benefits of the policy. *Id.* at 781, 637 N.E.2d at 111.

In *Braden,* the only named insured was Jennifer Braden, an adult. The policy application was completed by her mother, Loreda Braden, who signed a document reducing the UIM coverage to an amount below that of liability coverage limits. Even though this application and document were completed by Loreda and the insurance agent in Jennifer's presence, Jennifer evidently did not understand the consequences of lowering the UIM policy limit. *Id.* at 779, 637 N.E.2d at 109–110. More important, Jennifer gave no indication that Loreda had express authority to make such a decision. The discussion between Loreda and the insurance agent could not thus amount to an express rejection by Jennifer. *Id.* at 781, 637 N.E.2d at 111.

Under former R.C. 3937.18(C), one named insured's (Treber) rejection of equivalent UIM coverage is not automatically effective against other named insureds (Christopher and Betty) as would be the case under current R.C. 3937.18(C). Under the former law, each named insured must expressly reject such equivalent UIM coverage for all of them to be bound. See, also, *Owens v.*

*State Farm Mut. Auto. Ins. Co.* (1996), 112 Ohio App.3d 200, 204–205, 678 N.E.2d 281, 283–284, discretionary appeal not allowed, 77 Ohio St.3d 1493, 673 N.E.2d 149. Christopher never expressly rejected equivalent UIM coverage. Nothing in the depositions or other documents indicate that Christopher gave Treber express authority to reduce UIM coverage on his behalf or that Christopher indicated that Treber had such authority.

The trial court erred in granting summary judgment to Nationwide. $100,000 is the applicable UIM coverage limit and summary judgment to that effect is hereby granted in Christopher's favor. The assignments of error are sustained.

*Judgment reversed.*

POWELL, P.J., and VALEN, J., concur.