Cook, J.,
concurring in part and dissenting in part. I agree with the majority’s answer to the first certified question. The parties do not dispute that Linko was an insured under the Indemnity insurance policy. As an insured, Linko has standing to enforce any existing provisions concerning UM/UIM coverage. See Schumacher v. Kreiner (2000), 88 Ohio St.3d 358, 363, 725 N.E.2d 1138, 1143 (Lundberg Stratton, J., dissenting). This includes standing to challenge whether there has been a knowing rejection of UM/UIM coverage. See Travelers Ins. Co. v. Quirk (Fla.1991), 583 So.2d 1026, 1028; Atwood v. Internatl. Ins. Co. (Dec. 10, 1991), Franklin App. No. 91AP-521, unreported, 1991 WL 268346. I respectfully dissent, however, from the majority’s answers to the remaining questions because we should decline to answer them.
The second question asks whether the UM/UIM coverage rejection form that Hahn signed satisfies the written offer requirement crafted in Gyori v. Johnston Coca-Cola Bottling Group, Inc. (1996), 76 Ohio St.3d 565, 669 N.E.2d 824. The majority answers this question in the negative by expanding upon Gyori and requiring the written offer to contain specific terms. But neither the rule announced in Gyori nor the rule announced today has statutory support. See Gyori, 76 Ohio St.3d at 569, 669 N.E.2d at 827 (Cook, J., dissenting).
Under former R.C. 3937.18, UM/UIM coverage exists by operation of law unless the insured has rejected such coverage. We have required that the insured expressly reject UM/UIM coverage in order for the rejection to be effective. See Abate v. Pioneer Mut. Cas. Co. (1970), 22 Ohio St.2d 161, 51 O.O.2d 229, 258 N.E.2d 429, paragraph one of the syllabus. We have also allocated to insurance companies the burden of proving that a customer knowingly rejected UM/UIM coverage. Ady v. W. Am. Ins. Co. (1982), 69 Ohio St.2d 593, 597, 23 O.O.3d 495, 498, 433 N.E.2d 547, 549. This court “need not judicially impose further extrastatutory requirements upon insurers in order to effectuate the spirit of R.C. 3937.18.” Gyori 76 Ohio St.3d at 570, 669 N.E.2d at 828 (Cook, J., dissenting). If the insurance company can demonstrate that its customer had the knowledge necessary to make an informed rejection of UM/UIM coverage, *452 the “failure to formalize an offer in the face of specifications that plainly decline that coverage should not dictate coverage by default.” Id.
Former R.C. 3937.18 does not require a written offer of UM/UIM coverage and certainly does not require a written offer containing the specific terms insisted upon by the majority today. The focus of the trial court’s inquiry should be on whether UM/UIM coverage was properly rejected rather than whether Indemnity included specific details in a written offer of coverage. Cf. Hansberry v. Westfield Ins. Co. (June 27, 2000), Ross App. Nos. 99CA2504 and 99CA2505, unreported, 2000 WL 897991 (insurer’s failure to include certain details about UM/UIM coverage in a written offer “may prevent a finding of a valid rejection [but] will not prevent a court from finding a valid offer in the first instance”). I would therefore decline to answer the second certified question and instead allow the district court to decide whether Hahn knowingly and expressly rejected UM/UIM coverage.
This court should also decline to answer all of the inquiries included in question three. Each relates to issues concerning “named insureds” on a policy issued to a parent corporation. Though Linko and his employer were insureds under the Indemnity policy, neither is alleged to be a named insured. I therefore believe that answering these questions is inappropriate.
Moyer, C.J., and Lundberg Stratton, J., concur in the foregoing opinion.