OPINION
Plaintiff-appellant/cross-appellee Bruce J. German ("German") appeals the June 15, 2001 Final Judgment Entry of the Richland County Court of Common Pleas, which granted judgment in favor of defendants-appellees/cross-appellants Therm-O-Disc, Inc., et al. upon a finding German was not entitled to UM/UIM coverage under two policies of insurance issued to defendant- appellee/cross-appellant Therm-O-Disc, Inc. by defendant-appellee/cross-appellant Old Republic Insurance Company.[1] Therm-O-Disc and Old Republic cross-appeal from the trial court's February 27, 2001 and April 6, 2001 Judgment Entries.
 STATEMENT OF THE FACTS AND CASE
On January 9, 1997, German was riding as a passenger in a van owned and operated by his friend, Jerry Beaver, when an oncoming vehicle driven by Christopher Wray traveled left of center and struck the Beaver van. Minutes later, an automobile driven by Bradley Kentosh collided into the rear end of the van. German subsequently filed an action against Wray and his wife; Kentosh; Allstate Insurance Co.; Beaver's insurer, State Farm Insurance Co.; German's homeowner insurer; B.J. Woods, Inc., a beverage store which provided alcohol to Wray; and Kostadian Bulakovski, who also provided alcohol to Wray. German settled his claims with the Wrays' insurer, Kentosh's insurer, B.J. Woods, Inc.'s insurer, and Allstate Insurance Co. German signed various documents, including a release of all claims, to confirm the settlements. Neither Therm-O-Disc nor Old Republic were notified of the accident, injuries, claims, or settlements.
German filed a Complaint for Discovery in the Richland County Court of Common Pleas, seeking to discover the liability insurers of Therm-O-Disc. German was employed by Therm-O-Disc at the time of the accident. After obtaining the necessary discovery German filed his first amended complaint seeking a declaratory judgment against Old Republic. Old Republic issued two policies of insurance to Emerson Electric Co: a commercial general liability insurance policy and a business automobile insurance policy. Therm-O-Disc, which is a subsidiary of Emerson Electric, is a named insured under both policies.
German filed a motion for partial summary judgment on January 18, 2001, seeking a declaration he was entitled to underinsured motorist coverage under the Old Republic commercial general liability insurance policy (Policy No. ZW54126). Old Republic filed a brief in opposition and cross-motion for summary judgment relative to both policies. In turn, German filed a reply memorandum in support of his motion for summary judgment and cross-motion for summary judgment on the business automobile insurance policy (Policy No. TB17201). The parties filed a number of motions in support of and in opposition to the respective claims. Via Judgment Entry filed February 27, 2001, the trial court granted German's motions for summary judgment on both policies, and denied Old Republic's motions.
Old Republic filed an Application for Ruling Prior to Trial on Defense of Constitutional Violations, requesting the trial court dismiss German's complaint because implied uninsured or underinsured motorist coverage violates the Ohio and United States Constitutions. German filed a motion contra and motion to strike. Via Judgment Entry filed April 6, 2001, the trial court granted German's motion to strike and denied Old Republic's application for dismissal of the complaint.
The matter proceeded to jury trial on April 9, 2001. After hearing all the evidence and deliberations, the jury returned a verdict in favor of German in the amount of $1,409,023. German filed a motion for prejudgment interest, attorney fees, and court costs. On May 15, 2001, Old Republic filed a brief regarding post-trial rulings on pending issues of law for determination by the court, arguing as a matter law, the judgment for German should be $0 because both policies included $2,000,000 deductibles. After both parties briefed the issue, the trial court entered final judgment in favor of Old Republic. The trial court memorialized its ruling via Final Judgment Entry filed June 15, 2001.
It is from this judgment entry German appeals, raising the following assignments of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT/CROSS-APPELLEE, BRUCE GERMAN, IN ENTERING FINAL JUDGMENT IN FAVOR OF APPELLEE/CROSS-APPELLANT, OLD REPUBLIC INSURANCE COMPANY, ON MR. GERMAN'S ASSERTED UNDERINSURED MOTORIST CLAIM AGAINST OLD REPUBLIC COMMERCIAL GENERAL LIABILITY POLICY NUMBER ZY54126.
 THE TRAIL COURT ERRED TO THE PREJUDICE OF APPELLANT/CROSS-APPELLEE, BRUCE GERMAN, IN ENTERING FINAL JUDGMENT IN FAVOR OF APPELLEE/CROSS-APPELLANT, OLD REPUBLIC INSURANCE COMPANY, ON MR. GERMAN'S ASSERTED UNDERINSURED MOTORIST CLAIM AGAINST OLD REPUBLIC BUSINESS AUTO POLICY NUMBER TB 17201.
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN DENYING APPELLANT'S MOTION FOR PRE-JUDGMENT INTEREST, ATTORNEY FEES, AND COURT COSTS, AND FAILING TO CONDUCT AN EVIDENTIARY HEARING.
Old Republic filed a conditional cross-appeal of the trial court's pretrial rulings of February 27, 2001, and April 6, 2001, raising the following assignments of error:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS FEBRUARY 27, 2001 JUDGMENT ENTRY WHICH GRANTED PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT AND DENIED OLD REPUBLIC'S MOTIONS FOR SUMMARY JUDGMENT.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS APRIL 6, 2001 JUDGMENT ENTRY WHICH DENIED OLD REPUBLIC'S APPLICATION FOR DISMISSAL ON CONSTITUTIONAL GROUNDS AND GRANTED PLAINTIFF'S MOTION TO STRIKE OLD REPUBLIC'S CONSTITUTIONAL DEFENSE.
 Appeal
In his first assignment of error, German maintains the trial court erred in entering final judgment in favor of Old Republic and Therm-O-Disc on German's claim he is entitled to underinsured motorist coverage under the commercial general liability policy no. ZY54126. German sets forth four arguments in support of his position. We shall address each in turn.
 A. Old Republic Commercial General Liability Policy No. ZY 54126 Provides Underinsured Motorist Coverage by Operation of Law in the Amount of $6,000,000 Each Occurrence.
German contends the Old Republic commercial general liability policy is a motor vehicle liability policy, and Old Republic was required to offer UIM coverage to its named insureds pursuant to R.C. 3937.18. German submits because Old Republic failed to offer such coverage, the coverage arises by operation of law.
R.C. 3937.18 requires an insurer to offer UM/UIM coverage whenever an automobile liability insurance policy is issued in the State of Ohio. If such coverage is not offered, the coverage is provided to the insured by operation of law.[2]
Initially, we must determined whether Old Republic was required to offer UM/UIM coverage under the commercial general liability policy. For this determination, we turn to the language of the contract itself, which provides:
SECTION I — COVERAGES
COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY
1. Insuring Agreement.
 a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result.
The policy excludes coverage for "`[b]odily injury' or `property damage' arising out of the ownership, maintenance, use, or entrustment to others of any * * * `auto' * * * owned or operated by or rented or loaned to any insured. Use includes operation and `loading or unloading.'[3]
The policy also contains these exceptions to the exclusions:
This exclusion does not apply to:
 (1) A watercraft while ashore on premises you own a rent;
(2) A watercraft you do not own that is:
(a) Less than 26 feet long; and
 (b) Not being used to carry persons or property for a charge;
 (3) Parking an "auto" on, or on the ways next to premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured;
 (4) Liability assumed under any "insured contract" for the ownership; maintenance or use of aircraft or watercraft; or
 (5) "Bodily injury" or "property damage" arising our of the operation of any of the equipment listed in paragraph f.(2) or f.(3) of the definition of "mobile equipment" (Section V.8).
In Selander v. Erie Ins. Group,[4] the Ohio Supreme Court held where motor vehicle liability coverage is provided, even in limited form, uninsured/underinsured coverage must also be provided.[5]
Because the Old Republic commercial general liability policy provides motor vehicle liability coverage, albeit in limited circumstances, we find the policy qualifies as an automobile liability or motor vehicle liability policy under R.C. 3937.18, and Old Republic was required to offer UM/UIM coverage. Having failed to do so, we find the coverage arises by operation of law.
The next issue for our determination is whether German is an insured under the UIM coverage. Because Therm-O-Disc is designated in the declarations page of the commercial general liability policy, it necessarily follows the corporation would be an insured for UIM purposes. While UIM protection is afforded to the corporation, the corporation cannot suffer bodily injury. As the Supreme Court inScott-Pontzer stated, "it would be nonsensical to limit protection solely to the corporate entity * * * naming the corporation as the insured is meaningless unless coverage extends to some person or persons — including to the corporation's employees."[6] Although the liability portion of the commercial general liability policy limits coverage to an employee within the scope of employment, such limitation is not applicable to UIM coverage which arises by operation of law. The language restricting insurance coverage for employees applies solely to the liability coverage, and such limitation does not extend to UIM coverage.[7]
Futhermore, because German, as an employee of Therm-O-Disc, is an insured under the commercial general liability policy, albeit only when within the scope of his employment, it is unnecessary to determine whether any ambiguity exists as to the identity of the insureds where UM/UIM coverage arises by operation of law.
 B. The Underinsured Motorist Coverage Provided by Old Republic Commercial General Liability Policy No. ZY 54126 by Operation of Law is Not Subject to Any Deductible Amounts.
In the instant action, Old Republic asserts Therm-O-Disc is self insured for the first $2,000,000 of liability arising from occurrences covered under the Old Republic commercial general liability policy. The trial court agreed, finding Therm-O-Disc to be self insured with respect to German's claim; therefore, exempt from the statutory requirements of R.C. 3937.18. The trial court concluded, "because R.C. 3937.18 does not apply, there are no implied UIM coverages or [German's] injuries."[8]
Initially, we note an analysis of whether Therm-O-Disc is a self insurer is irrelevant to the outcome of this assignment of error. Assuming, arguendo, Therm-O-Disc is a self-insurer "in a practical sense," such status would only apply up to the first $2,000,000 of liability, for which Therm-O-Disc would be responsible pursuant to the deductible. Any liability beyond $2,000,000 up to $6,000,000 would be covered under the Old Republic policy. Accordingly, we find Therm-O-Disc's status as a self insurer "in a practical sense" for a portion of the coverage does not excuse Old Republic from offering UIM coverage up to $6,000,000. Old Republic was obligated to offer $6,000,000 in UIM coverage even though the amount was subject to a $2,000,000 deductible. Having failed to do so, UIM coverage arises by operation of law.
We now must determine whether the deductible provision in the commercial general liability policy applies to UIM coverage arising by operation of law. In Scott-Pontzer, the Ohio Supreme Court determined "any language in the Liberty Mutual Umbrella Policy restricting insurance coverage was intended to apply solely to excess liability coverage and not for purposes of underinsured motorist coverage" when such coverage arises by operation of law.[9] Based upon the rational set forth inScott-Pontzer, we find the deductible provision at issue herein is a restriction on the commercial general liability coverage only, and does not extend to UIM coverage arising by operation of law. Accordingly, we find the UIM coverage is not subject to any deductible amount.
 C. Old Republic Received Timely Notice of the Mr. German's Underinsured Motorist Claim against the Commercial General Liability Policy.
In light of this Court's decision in Myers v. Safeco Ins. Co. ofAm.,[10] we find German is not barred from recovery for failing to notify Old Republic.
 D. Old Republic's Constitutional Challenge of the Mandatory Offering of Un/underinsured Motorist Coverage under R.C. 3937.18 Lacks Merit.
To the trial court and to this Court, Old Republic argues the trial court's failure to enforce the intent of the parties to the insurance contract deprived the parties of their constitutional right to due process of law. Specifically, Old Republic asserts binding the parties to UIM coverage by operation of law violates the parties' freedom of contract; therefore, R.C. 3937.18, as applied in the instant action, is unconstitutional.
This Court has previously determined R.C. 3937.18 does not violate Article I, Section 16 of the Ohio Constitution.[11] This Court has also expressly found R.C. 3937.18 does not violate the equal protection clauses of the Ohio and United Constitution.[12]
As the Ohio Supreme Court stated in Beagle v. Walden[13]
 R.C. 3937.18 results from legislative policymaking. Coverage in accordance with R.C. 3937.18 is not a common-law right. Any contractual right to coverage prescribed under R.C. 3937.18 does not, therefore, come within the protection of Section 16, Article I of the Ohio Constitution. * * * To the extent that the legislature may exercise its policymaking authority to alter the contractual relationship between insurer and insured to provide greater protection to the insured, it may also limit or remove those protections once given.
* * *
 R.C. 3937.18 places a statutory obligation on all motor vehicle liability insurers to offer uninsured/underinsured motorist coverage. To this extent, the parties' freedom to contract is superseded in furtherance of important public policy concerns. In placing this obligation on insurers, the General Assembly dictates the terms of the mandatory offering of uninsured/underinsured motorist coverage. * * * Because the obligation to offer uninsured/underinsured motorist coverage is rooted in public policy and imposed by the legislature, the legislature is free to delimit the obligation. By obligating all motor vehicle liability insurers in a like manner, the General Assembly does not grant special privileges or immunities.
Because it is has been determined R.C. 3937.18 is not unconstitutional, any judicial action taken thereunder is, likewise, not unconstitutional.
Based upon the foregoing, German's first assignment of error is sustained.
 II
In his second assignment of error, German asserts the trial court erred in entering final judgment in favor of Old Republic upon a finding German was not entitled to UIM coverage under the Old Republic business auto policy. German sets forth five assertions in support of his assignment of error. We shall address each in turn.
 A. The Purported Offer/rejection of Underinsured Motorist Coverage under Old Republic Business Auto Policy No. Tb 17201 Is Invalid
In Linko v. Indemn. Ins. Co. of N. Am.[14], the Ohio Supreme Court set forth the necessary language which must be included in an uninsured/underinsured motorist coverage rejection form in order to satisfy the offer requirement of R.C. 3937.18(C). The Court held in order to satisfy the offer requirement, the insurer must (1) inform the insured of the availability of uninsured/ underinsured motorist coverage, (2) set forth the premium for the coverage, (3) include a brief description of the coverage, and (4) expressly state the uninsured/underinsured coverage limits in its offer.[15] In so holding, the Supreme Court relied uponGyori v. Johnston Coca-Cola Bottling Group, Inc.,[16] in which the Court held there can be no rejection pursuant to R.C. 3937.18(C) unless there is a written offer of uninsured motorist coverage from the insurer. The Linko Court, in discussing Gyori, stated:
 Gyori stands for the proposition that we cannot know whether an insured has made an express, knowing rejection of UIM coverage unless there is a written offer and written rejection. It only follows that a valid rejection requires a meaningful offer, i.e., an offer that is an offer in substance and not just in name.[17]
Emerson Electric signed a rejection of uninsured/underinsured motorist coverage, selection of lower limit of liability rejection of uninsured motorist property damage coverage form, which reads:
 The Ohio Revised Code (Section 3937.18), amended, permits you the insured named in the policy, to reject the Uninsured Motorists/Underinsured Motorists Coverage or to select a limit for such coverage lower than the limit of Bodily Injury Coverage in the policy. Uninsured Motorists Coverage provides insurance for the protection of persons insured under the policy who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom. Underinsured Motorists Coverage provides insurance for protection against loss for bodily injury, sickness or disease, including death, where the limit of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured is less than the limit for the Uninsured Motorists Coverage under your policy at the time of the accident.
* * *
 In accordance with the Ohio Revised Code (Section 3937.18), amended, and Ohio Code (Section 3937.181), the undersigned insured (and each of them) —
* * *
 [x] agrees that the Uninsured Motorists/Underinsured Motorists Coverage afforded in the policy is hereby deleted.
The form satisfies the first and third prongs of the Linko test, however, it fails to set forth the premium for the coverage and fails to expressly state the coverage limits in the offer. Because the second and fourth prongs of Linko have not been satisfied, we find Old Republic failed to meet the mandatory offer requirements of R.C. 3937.18, and the rejection is not valid. We note, in its Brief to this Court, Old Republic reluctantly concedes the offer requirement of R.C. 3837.18 was not satisfied, stating, "that offer and rejection properly complied with the spirit of R.C. 3837.18 as intended by the legislature."[18] Linko
requires actual compliance, not spirited compliance.
 B. Old Republic Business Auto Policy No. Tb 17201 Provides Underinsured Motorist Coverage by Operation of Law in the Amount of $6,000,000.00 Each Occurrence
As discussed in subsection A, because the rejection of UIM coverage was invalid, UIM coverage arises by operation of law under the business auto policy. Accordingly, the UIM coverage available is the amount of coverage equivalent to the auto liability coverage afforded.[19] The business auto policy at issue herein provides liability coverage in the amount of $6,000,000 per occurrence; therefore, by operation of law the policy provides UIM coverage in the same amount.
 C. The Underinsured Motorist Coverage Provided by Old Republic Business Auto Policy No. TB 17201 by Operation of Law is Not Subject to any Deductible Amounts
For the reasons set forth in Assignment of Error I, Subsection B, we find German is not responsible for any deductible amounts.
 D. Old Republic Received Timely Notice of the [sic] Mr. German's Underinsured Motorist Claim Against the Business Auto Policy No. Tb 17201
Based upon the rational set forth in Myers v. Safeco Ins. Co., supra,
we find German is not barred from recovery.
 E. Old Republic's Constitutional Challenge of the Ohio Supreme Court's Decision in Linko Lacks Merit
For the reason set forth in Assignment of Error I, Subsection D, we find Old Republic and Therm-O-Disc's constitutional challenge to be without merit.
Based upon the foregoing, German's second assignment of error is sustained.
 III
In light of this Court's disposition of German's first and second assignments of error, we find his third assignment of error to be premature.
 Cross-Appeal
For the reasons we sustained German's first and second assignments of error, we overruled Old Republic's sole assignment of error on cross-appeal.
The judgment of the Richland County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with this opinion and the law.
By: HOFFMAN, P.J. GWIN, J. and EDWARDS, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with our opinion and the law. Costs assessed to Old Republic.
[1] Defendants Emerson Electric Company Benefit Plan and National Union Fire Insurance Company are not parties to this appeal.
[2] Abate v. Pioneer Mut. Cas. Co. (1970), 22 Ohio St.2d 161, para. 1 and 2 of syllabus.
[3] Commercial General Liability Coverage Form, Section I — Coverage A — 2g.
[4] Selander v. Erie Ins. Group (1999), 85 Ohio St.3d 541, 546. (Citation omitted.)
[5] Id. at 546. (Citations omitted).
[6] Id. at 664.
[7] Id. at 666 (Citation omitted).
[8] June 15, 2001 Final Judgment Entry at 4.
[9] Scott-Pontzer, supra at 666. (Citation omitted).
[10] Myers v. Safeco Ins. Co. of Am. (Feb. 18, 2000), Licking App. No. 99CA00083, unreported, reversed on other grounds (2001),91 Ohio St.3d 333.
[11] Kleinsmith v. Allstate Ins. Co. (Dec. 22, 2000), Richland App. No. 00CA14-2, unreported.
[12] Haddad v. State Farm Mut. Auto. Ins. Co. (2000), Stark App. No. 1999CA00262, unreported.
[13] Beagle v. Walden (1997), 78 Ohio St.3d 59.
[14] Linko v. Indemn. Ins. Co. of N. Am. (2001),90 Ohio St.3d 445.
[15] Id. at 447-448.
[16] Gyori v. Johnston Coca-Cola Bottling Group, Inc. (1996),76 Ohio St.3d 565,
[17] Linko, supra at 449.
[18] Appellee's Brief in Opposition to Appeal in Support of Cross-Appeal at 37 (Emphasis added).
[19] Abate v. Pioneer Mut. Cas. Co. (1970), 22 Ohio St.2d 161.