DECISION AND JOURNAL ENTRY
Plaintiffs-appellants, Michael and Lori Overton, have appealed an order of the Wayne County Court of Common Pleas that granted summary judgment in favor of Defendant-appellee, Western Reserve Group. This Court affirms.
The facts in this case are not in dispute. On June 11, 1997, Plaintiff-appellant Michael K. Overton was injured when his automobile was involved in an accident with another car. It was determined that the accident was caused by the negligence of the driver of the other car, Mr. John Antonino. Appellants each settled all claims against Antonino's liability insurer for $15,000.
At the time of the collision, Appellants were insured under a policy of automobile liability insurance issued by Western Reserve Mutual Insurance Company ("Western Reserve"). The policy included uninsured/underinsured motorist coverage with limits of $50,000 and medical payments coverage with limits of $1,000. As a result, Appellants settled all claims with Western Reserve, with respect to that policy, for $35,000 under the UM/UIM portion of the policy and $1,000 under the Medical Payments provision.
Thereafter, appellants filed a claim for underinsured motorist benefits under a Homeowners Insurance Policy issued by Western Reserve. The policy contained personal liability limits of $500,000 per occurrence. Western Reserve refused to pay, asserting that the Homeowners policy did not provide automobile liability coverage or uninsured/underinsured motorist coverage.
Appellants filed a declaratory action seeking underinsured motorist benefits under the Homeowners policy. The trial court granted summary judgment in the Appellees' favor, concluding that the policy was not an automobile liability policy and that Appellants were not entitled to underinsured motorist benefits by operation of law. Appellants have appealed to this Court, raising one assignment of error for review.
ASSIGNMENT OF ERROR I
 The trial court erred to the prejudice of the [Appellant] by granting the [Appellee's] Motion for Summary Judgment and denying [Appellant's] Motion for Summary Judgment.
Appellants argue that they are entitled to underinsured motorist coverage under their Homeowners Insurance Policy by operation of law pursuant to R.C. 3937.18[1] which provides, in relevant part:
 (A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following coverages are provided to persons insured under the policy for loss due to bodily injury or death suffered by such persons:
 (1) Uninsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for bodily injury or death under provisions approved by the superintendent of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, suffered by any person insured under the policy.
* * *
 (2) Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for an insured against loss for bodily injury, sickness, or disease, including death, suffered by any person insured under the policy, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage.
* * *
Appellants' argument rests on the assertion that their Homeowners Insurance Policy is an automobile liability policy for purposes of R.C. 3937.18. It is settled law that insurers are required to offer UM/UIM coverage for every automobile liability policy issued in this state; in the absence of an express rejection, such coverage arises by operation of law. Abate v.Pioneer Mutual Cas. Co. (1970), 22 Ohio St.2d 161, paragraphs one and two of the syllabus. The parties agree that UM/UIM coverage was not offered by Western Reserve or rejected by Appellants. Western Reserve has argued that this homeowner's policy is not an automobile liability policy for purposes of R.C. 3937.18. As a result, Western Reserve has maintained that it was not required to offer UM/UIM coverage. We agree.
Under Civ.R. 56(C), summary judgment is proper when:
 (1) no genuine issue as to any material fact remains to be litigated;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.
State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589;Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. All facts must be construed in favor of the nonmoving party. Hortonv. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 687. Appellate review of a trial court's entry of summary judgment is de novo, applying the same standard as that used by the trial court. SeeLorain Cty. Bd. of Commrs. v. United States Fire Ins. Co. (1992),81 Ohio App.3d 263, 267. In this case, the parties agree that no genuine issues of material facts remain. The sole issue on appeal is whether Appellees were entitled to judgment as a matter of law.
The policy in question contains the following language:
COVERAGE E — Personal Liability
 If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:
 (1) Pay up to our limit of liability for the damages for which the "insured" is legally liable. * * *
 SECTION II — Exclusions
 1. Coverage E — Personal Liability * * * [does] not apply to "bodily injury" or "property damage":
* * *
f. Arising out of:
 1) The ownership, maintenance, use, loading, or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an "insured";
 2) The entrustment by an "insured" of a motor vehicle or any other motorized land conveyance to any person; or
 3) Vicarious liability, whether or not statutorily imposed, for the actions of a child or minor using a conveyance excluded in paragraph (1) or (2) above.
This exclusion does not apply to:
 1) A trailer not towed by or carried on a motorized land conveyance.
 2) A motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and:
a) Not owned by an "insured"; or
 b) Owned by an "insured" and on an "insured location";
 3) A motorized golf cart when used to play golf on a golf course;
 4) A vehicle or conveyance not subject to motor vehicle registration which is:
a) Used to service an "insured's" residence;
b) Designed for assisting the handicapped; or
c) In dead storage on an "insured location[.]
The Supreme Court has recently concluded that "[w]here motor vehicle liability coverage is provided, even in limited form, uninsured/underinsured coverage must be provided." Selander v.Erie Ins. Group (1999), 85 Ohio St.3d 541, 544. In Selander, the insured held a "General Business Liability Policy," the terms of which provided coverage for "all sums which anyone we protect becomes legally obligated to pay as damages because of personal injury or property damage" arising out of specified maintenance or use of hired or non-owned automobiles. Id. at 543. The policy specifically covered only (1) automobiles leased, hired, or borrowed, and (2) any automobiles used in connection with the business that were not owned, leased, hired, or borrowed by the insured. Id. The insured conceded that "automobile liability coverage was intended in limited circumstances" pursuant to the policy. Id. at 546. This coverage was sufficient to transform the general business liability policy into an automobile liability policy for the purposes of R.C. 3937.18. Id. at 544-45.
In this case, however, there is no direct liability coverage, even in a limited sense, for motor vehicles. The policy provision above specifically excludes coverage for bodily injury arising out of the use of motor vehicles. While the exclusion described does apply to specific conveyances such as recreational off-road conveyances and golf carts, this incidental coverage is simply not enough to transform a homeowner's policy into an automobile liability policy.
A homeowner's policy such as the policy at issue in this case cannot be reasonably construed to provide uninsured or underinsured motorist coverage where there is no automobile liability coverage intended by the parties or contained within the policy. "Common sense alone dictates that this [would be] an extension of coverage that the parties did not contemplate, bargain for, rate, or purchase." Scott-Pontzer v. Liberty Mut.Fire (1999), 85 Ohio St.3d 660, 670 (Resnick, J., dissenting). Accordingly, we hold that the policy in question was not an automobile liability policy for purposes of R.C. 3937.18. As such, UM/UIM coverage was not required and does not operate by law.
Appellants' assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
LYNN C. SLABY
FOR THE COURT BAIRD, P.J.
CARR, J.
CONCUR
[1] R.C. 3937.18 was amended pursuant to Am.Sub.H.B. No. 261, enacted effective September 3, 1997. However, this version of R.C. 3937.18 was not in effect at the time of the Appellant's accident and thus is inapplicable.