DECISION
Both parties in this appeal have filed a motion requesting this court to reconsider the decision rendered September 6, 2001, which dismissed their appeal for lack of a final, appealable order. The parties also seek to supplement the record with a stipulation concerning damages which was inadvertently not made a part of the record on appeal. The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. Columbus v. Hodge (1987), 37 Ohio App.3d 68. Matthews v. Matthews (1981), 5 Ohio App.3d 140.
As stated in the earlier decision, appellees, Ernest and Alice M. Lemm, were involved in an automobile accident with a vehicle driven by Charles E. Palmer when Palmer lost control of his vehicle, drove left of center and collided with the Lemms' vehicle. As a result, the Lemms suffered permanent injuries. Palmer's automobile insurance carrier, State Farm Insurance Company, paid the $100,000 policy limit on behalf of Palmer. Appellees filed a complaint against appellant, The Hartford Insurance Company, the carrier of their homeowner's policy, asserting an underinsured motorist claim. Appellees filed a motion for partial summary judgment seeking a judgment that they were insureds under the homeowner's policy for underinsured motorist benefits provided under the policy. The trial court granted the motion and appellant filed a notice of appeal, asserting the following assignment of error:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFFS-APPELLEES, FINDING THAT DEFENDANT-APPELLANT'S HOMEOWNER'S POLICY PROVIDED UNDERINSURED MOTORIST COVERAGE TO APPELLEES.
In our decision, we dismissed the appeal for lack of a final, appealable order. Appellees had filed a complaint for damages and the trial court had not yet determined damages. The parties now seek to supplement the record with a stipulation that the parties had settled the damages but had failed to make the settlement part of the record on appeal. Given those circumstances, we grant the motions to reconsider and to supplement the record.
By the assignment of error, appellant contends that the trial court erred in granting summary judgment in favor of appellees, finding that the homeowner's policy issued by appellant provided underinsured coverage to appellees. Former R.C. 3937.18,[1] in effect at the time of the accident, provided as follows:
 (A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following coverages are provided to persons insured under the policy for loss due to bodily injury or death suffered by such persons:
***
(2) Underinsured motorist coverage ***.
Former R.C. 3937.18 required an insurer to offer underinsured motorist coverage as part of any automobile liability or motor vehicle insurance policy, unless the insured expressly and unambiguously rejected such coverage. The nature of the policy is determined by the type of coverage it provides, not by the label affixed by the insurer. Selander v. Erie Ins. Group (1999), 85 Ohio St.3d 541, 546, citing St. Paul Fire Marine Ins. Co. v. Gilmore (1991), 168 Ariz. 159, 165. The Supreme Court of Ohio has held that even incidental coverage of a motor vehicle is sufficient to bring an insurance policy within the scope of R.C. 3937.18. Selander, at 544. Absent evidence that the policy holder was specifically offered and clearly rejected underinsured motorist coverage, such coverage exists by operation of law. Abate v. Pioneer Mutual Cas. Co. (1970), 22 Ohio St.2d 161.
The policy involved in this case provides as follows, at 12-14:
SECTION II. EXCLUSIONS
 1. Coverage E Personal Liability and Coverage F Medical Payments to Others do not apply to bodily injury or property damage:
***
f. Arising out of:
 (1) The ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an insured;
***
This exclusion does not apply to:
***
 (2) A motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and:
(a) Not owned by an insured; or
(b) Owned by an insured and on an insured location;
***
 Exclusions e., f., g., and h. do not apply to bodily injury to a residence employee arising out of and in the course of the residence employee's employment by an insured.
Thus, while the policy at issue specifically excludes coverage for damages arising from motor vehicles, the exclusion does not apply to recreational vehicles nor to bodily injury to residence employees arising out of and in the course of their employment with the insured. Therefore, the policy does provide some coverage for damages resulting from a motor vehicle accident.
Since the trial court decided this case, the Supreme Court of Ohio has decided Davidson v. Motorists Mut. Ins. Co. (2001), 91 Ohio St.3d 262. In the syllabus of Davidson, the court held:
 A homeowner's insurance policy that provides limited liability coverage for vehicles that are not subject to motor vehicle registration and that are not intended to be used on a public highway is not a motor vehicle liability policy and is not subject to the requirement of former R.C. 3937.18 to offer uninsured and underinsured motorist coverage.
In Davidson, the court reaffirmed the holding in Selander, but had made a distinction between the policies at issue in Selander and Davidson. The policy in Selander involved a general business liability policy which specifically provided coverage for injuries for accidents involving "hired" or "non-owned" automobiles. In Davidson, a homeowner's policy was at issue and the policy did not include any coverage for liability arising out of the use of motor vehicles generally. It only provided incidental coverage to a narrow class of motorized vehicles that were not subject to motor vehicle registration and were designed for off-road use or use around an insured's property.[2] The court in Davidson discussed the differences between the policies and found the policy in Selander was deemed an automobile liability or motor vehicle policy because there was express liability coverage arising from the use of automobiles. The court stated, at 268-269:
 *** [I]t makes perfect sense to allow UM/UIM coverage in Selander but to restrict recovery under a homeowner's policy that provides incidental coverage for a very limited class of motorized vehicles that are neither subject to motor vehicle registration nor designed to be used on a public highway.
***
 It makes perfect sense, then, to include coverage in homeowner's policies for off-road and similar vehicles that are used around the insured premises but to limit UM/UIM coverage to vehicles designed for highway use. Common sense alone dictates that neither the insurer nor the insured bargained for or contemplated that such homeowner's insurance would cover personal injuries arising out of an automobile accident that occurred on a highway away from the insured's premises.
We interpret "incidental coverage" as used in Davidson to apply to the limited types of vehicles covered and not that coverage is to be found in an exception to an exclusion in a homeowner's policy.
Given the language used by the court in Davidson and the distinctions the court drew between the policies involved in Davidson and Selander, we find that this policy falls within the court's analysis in Selander.
The policy at issue is a homeowner's policy and does not include coverage for liability arising out of the use of motor vehicles generally; however, the policy does provide, in the residence employee exclusion, express liability coverage arising from the use of automobiles which are subject to motor vehicle registration and designed for and used for transporting people on a public highway. The policy provides express liability coverage for damages arising from a motor vehicle accident when the injured party is the homeowner's residence employee and the injury occurred in the course of that employment. Thus, it is a motor vehicle liability policy subject to the requirement of former R.C. 3937.18 to offer uninsured and underinsured motorist coverage. Appellant's assignment of error is overruled.
We find that our decision is in conflict with Davis v. Shelby Ins. Co. (June 14, 2001), Cuyahoga App. No. 78610, unreported. Section 3, ArticleIV, of the Ohio Constitution provides:
 (4) Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination.
In Whitelock v. Gilbane Bldg. Co. (1993), 66 Ohio St.3d 594, paragraph one of the syllabus, the Ohio Supreme Court held:
 Pursuant to Section 3(B)(4), Article IV of the Ohio Constitution and S.Ct.Prac.R. III, there must be an actual conflict between appellate judicial districts on a rule of law before certification of a case to the Supreme Court for review and final determination is proper.
In Davis, the insurance policy was a homeowner's policy which did not include coverage for liability arising out of the use of motor vehicles generally, but the policy exclusion did not apply to: (a) trailers; and (b) accidents involving the homeowner's residence employee when the injury occurred in the course of that employment. However, the Eighth District Court of Appeals found that neither the insurer nor the insured bargained for or contemplated that such homeowner's insurance would cover personal injuries arising out of an automobile accident that occurred on a highway away from the insured's premises and, thus, the residence employee exclusion did not render the policy a motor vehicle liability policy subject to the requirement of former R.C. 3937.18 to offer uninsured and underinsured motorist coverage. The decisions clearly conflict.
For the foregoing reasons, the parties' motions for reconsideration and to supplement the record are granted, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed. The clerk of the Tenth District Court of Appeals is instructed to certify the record of this case to the Supreme Court of Ohio for review and final determination on the following issue:
 When a homeowner's insurance policy provides express liability for damages arising from a motor vehicle accident when the injured party is the homeowner's residence employee and the injury occurred in the course of that employment, is the policy deemed an automobile liability or motor vehicle policy subject to the requirement of former R.C. 3937.18 to offer uninsured and underinsured motorist coverage?
Motions for reconsideration and to supplement granted. Judgment affirmed. Conflict certified.
TYACK and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] The accident in this case occurred on March 21, 1997, and R.C.3937.18 was amended by H.B. No. 261, effective September 1997.
[2] Although the policy in Davidson contained a residence employee exclusion, similar to the one in this case, the Supreme Court declined to decide the issue concerning the residence employee exclusion because it had not been argued to the lower courts in that case. See Davidson, at 265, fn. 2.