[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
On May 16, 2000, plaintiff, Debbie P. Allen, filed a complaint with the Franklin County Court of Common Pleas seeking underinsured motorist benefits from the defendant, Nationwide Insurance Company. Plaintiff seeks benefits under her homeowner's insurance policy as compensation for injuries suffered by her husband in a motor vehicle accident which occurred on May 5, 1995. The accident was caused by the negligence of Cynthia Lawrence, an underinsured motorist.
On February 15, 2001, plaintiff filed a motion for summary judgment arguing that the homeowner's policy issued by the defendant provides motor vehicle liability coverage for "residence employees" and that, as a result of the defendant's failure to offer uninsured/underinsured motorist coverage at the time she purchased the policy, such coverage exists by operation of law. Defendant opposed the plaintiff's motion on March 16, 2001, with its own motion for summary judgment. Both motions were fully briefed, and on June 19, 2001, the trial court issued a decision in which it concluded that plaintiff's homeowner's policy was not a motor vehicle policy, and that neither the plaintiff nor the defendant contemplated that the policy would provide coverage for personal injuries arising out of the use of an automobile. Accordingly, the trial court denied the plaintiff's motion and granted judgment to the defendant. Plaintiff now appeals, raising the following assignment of error:
 The trial court erred in granting appellee's motion for summary judgment and denying the appellants' motion for summary judgment. The policy issued by appellee provides underinsured motorist coverage by operation of law.
In her sole assignment of error, plaintiff seeks a determination that the trial court incorrectly entered summary judgment in favor of the defendant. In order to make that determination, we review the facts and law applicable to this case independently, without deference to the ruling of the trial court. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102. Civ.R. 56(C) provides, as follows:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *
The Ohio Supreme Court has held that in order for a motion for summary judgment to be granted, the moving party "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. In order to carry this burden:
 * * * [T]he movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. * * * These evidentiary materials must show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. * * * [Id. at 292-293.]
Although the court must view the facts in a light most favorable to the nonmoving party, Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, when a properly supported motion for summary judgment is made, the nonmoving party is not permitted to rest upon the allegations or denials contained in his or her pleadings, but must come forward with specific facts showing the existence of a genuine issue for trial. Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, 111, following Celotex v. Catrett (1986), 477 U.S. 317; and Morris v. Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45.
The sole and dispositive issue on appeal is whether the following language qualifies the subject policy as a motor vehicle policy:
 Coverage E-Personal Liability, and Coverage F-Medical Payments to Others do not apply to bodily injury or property damage:
* * *
 e. arising out of the ownership, maintenance, or use of:
* * *
 (2) a motor vehicle owned, operated by, or rented or loaned to an insured.
* * *
 * * * Exclusions d and e(2) and (3) do not apply to bodily injury to any residence employee arising out of and in the course of employment by an insured.
Although we acknowledge defendant's arguments to the contrary, we have previously determined that such language, when contained in a homeowner's policy, does in fact qualify that policy as a motor vehicle policy. In Lemm v. The Hartford (Oct. 4, 2001), Franklin App. No. 01AP-251, unreported, we explained:
 Former R.C. 3937.18 required an insurer to offer underinsured motorist coverage as part of any automobile liability or motor vehicle insurance policy, unless the insured expressly and unambiguously rejected such coverage. The nature of the policy is determined by the type of coverage it provides, not by the label affixed by the insurer. Selander v. Erie Ins. Group (1999), 85 Ohio St.3d 541, 546, citing St. Paul Fire Marine Ins. Co. v. Gilmore (1991), 168 Ariz. 159, 165. The Supreme Court of Ohio has held that even incidental coverage of a motor vehicle is sufficient to bring an insurance policy within the scope of R.C. 3937.18. Selander, at 544. Absent evidence that the policy holder was specifically offered and clearly rejected underinsured motorist coverage, such coverage exists by operation of law. Abate v. Pioneer Mutual Cas. Co. (1970), 22 Ohio St.2d 161.
 The policy involved in this case provides as follows, at 12-14:
 SECTION II. — EXCLUSIONS 1. Coverage E — Personal Liability and Coverage F — Medical Payments to Others do not apply to bodily injury or property damage:
* * *
f. Arising out of:
 (1) The ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an insured;
* * *
This exclusion does not apply to:
* * *
 (2) A motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and:
(a) Not owned by an insured; or
(b) Owned by an insured and on an insured location;
* * *
 Exclusions e., f., g., and h. do not apply to bodily injury to a residence employee arising out of and in the course of the residence employee's employment by an insured.
 Thus, while the policy at issue specifically excludes coverage for damages arising from motor vehicles, the exclusion does not apply to recreational vehicles nor to bodily injury to residence employees arising out of and in the course of their employment with the insured. Therefore, the policy does provide some coverage for damages resulting from a motor vehicle accident.
The court in Lemm continued, explaining that our holding was compatible with the holding of the Ohio Supreme Court in the recently decided case of Davidson v. Motorists Mut. Ins. Co. (2001), 91 Ohio St.3d 262:
 Since the trial court decided this case, the Supreme Court of Ohio has decided Davidson v. Motorists Mut. Ins. Co. (2001), 91 Ohio St.3d 262. In the syllabus of Davidson, the court held: A homeowner's insurance policy that provides limited liability coverage for vehicles that are not subject to motor vehicle registration and that are not intended to be used on a public highway is not a motor vehicle liability policy and is not subject to the requirement of former R.C. 3937.18 to offer uninsured and underinsured motorist coverage.
 In Davidson, the court reaffirmed the holding in Selander, but had made a distinction between the policies at issue in Selander and Davidson. The policy in Selander involved a general business liability policy which specifically provided coverage for injuries for accidents involving "hired" or "non-owned" automobiles. In Davidson, a homeowner's policy was at issue and the policy did not include any coverage for liability arising out of the use of motor vehicles generally. It only provided incidental coverage to a narrow class of motorized vehicles that were not subject to motor vehicle registration and were designed for off-road use or use around an insured's property. * * * The court in Davidson discussed the differences between the policies and found the policy in Selander was deemed an automobile liability or motor vehicle policy because there was express liability coverage arising from the use of automobiles. The court stated, at 268-269:
 * * * [I]t makes perfect sense to allow UM/UIM coverage in Selander but to restrict recovery under a homeowner's policy that provides incidental coverage for a very limited class of motorized vehicles that are neither subject to motor vehicle registration nor designed to be used on a public highway.
* * *
 It makes perfect sense, then, to include coverage in homeowner's policies for off-road and similar vehicles that are used around the insured premises but to limit UM/UIM coverage to vehicles designed for highway use. Common sense alone dictates that neither the insurer nor the insured bargained for or contemplated that such homeowner's insurance would cover personal injuries arising out of an automobile accident that occurred on a highway away from the insured's premises.
* * *
 Given the language used by the court in Davidson and the distinctions the court drew between the policies involved in Davidson and Selander, we find that this policy falls within the court's analysis in Selander.
 The policy at issue is a homeowner's policy and does not include coverage for liability arising out of the use of motor vehicles generally; however, the policy does provide, in the residence employee exclusion, express liability coverage arising from the use of automobiles which are subject to motor vehicle registration and designed for and used for transporting people on a public highway. The policy provides express liability coverage for damages arising from a motor vehicle accident when the injured party is the homeowner's residence employee and the injury occurred in the course of that employment. Thus, it is a motor vehicle liability policy subject to the requirement of former R.C. 3937.18 to offer uninsured and underinsured motorist coverage. * * *
We later reaffirmed this holding in Davis v. State Farm Fire and Cas. Co. (Dec. 18, 2001), Franklin App. No. 00AP-1458, unreported. Therein we explained:
 This court recently construed a policy of homeowner's insurance with coverages, exclusions and exceptions to the exclusions virtually the same as those in appellant's policy to be one that does include such incidental motor vehicle coverage within the meaning of R.C. 3937.18. Lemm v. The Hartford (Oct. 4, 2001), Franklin App. No. 01AP-251, unreported; certified as in conflict with Davis v. Shelby Ins. Co. (June 14, 2001), Cuyahoga App. No. 78610, unreported.
* * *
 In finding that the insurance policy construed in Lemm provided some incidental coverage for damages resulting from a motor vehicle accident involving residence employees arising out of and in the course [of] their employment with the insured, Lemm, supra, at 6, this court reasoned that the Supreme Court in Davidson reaffirmed its holding in Selander by focusing on the distinction between the respective coverages provided by the policies at issue in those cases. Id. at 7-8. We concluded that, because the policy at issue in Lemm provided express liability coverage for damages that may arise from a motor vehicle accident when the injured party is the homeowner's residence employee and the injury occurs in the course of that employment, the subject homeowner's policy is a motor vehicle liability policy subject to the requirement of former R.C. 3937.18
to offer uninsured and underinsured motorist coverage. Id. at 9. We find no meaningful difference between the homeowner's policy in Lemm, supra, and the one owned by appellant herein.
As in Lemm and Davis, plaintiff's policy provides express liability coverage arising from the use of automobiles which are subject to motor vehicle registration, and which are designed and used for transportation on public roads. Thus, plaintiff's insurance policy is a motor vehicle liability policy subject to the requirement of former R.C. 3937.18, and pursuant to that statutory provision defendant was required by law to offer uninsured/underinsured motorist coverage to the plaintiff when it issued the policy. As defendant did not offer this coverage, it exists by operation of law. Plaintiff's assignment of error is therefore well-taken.
For the foregoing reasons, plaintiff's assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed and cause remanded.
TYACK, P.J., and LAZARUS, J., concur.